IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRUCE MCLAUGHLIN,

          Plaintiff,

vs.

BNSF RAILWAY COMPANY,

          Defendant.

4:18CV3047

**ORDER**

This matter is before the Court on Defendant's Motion to Prohibit Plaintiff from Listing Expert Witnesses ([Filing No. 27](#)) and Plaintiff's Motion for an Enlargement of Time ([Filing No. 33](#)). For the reasons set forth below, Defendant's motion will be denied. Plaintiff's motion will be granted.

**BACKGROUND**

On November 13, 2018, this Court entered a final progression order setting December 3, 2018 as Plaintiff's deadline to identify expert witnesses and January 25, 2019 as Plaintiff's deadline to serve expert reports. ([Filing No. 23](#).) Defendant was to identify expert witnesses by January 25, 2019 and serve expert reports by April 1, 2019.

Plaintiff did not disclose his expert witnesses until January 15, 2019. On that same date, Defendant filed its motion seeking to preclude Plaintiff from naming expert witnesses. On February 1, 2019, Plaintiff moved to extend deadlines in the progression order, including the deadline for expert reports. ([Filing No. 33](#).)

**DISCUSSION**

Defendant seeks to preclude Plaintiff from naming expert witnesses because Plaintiff failed to comply with the disclosure deadline set in the progression order. Plaintiff does not dispute that he missed the deadline but asserts that his untimeliness was caused by his need to find new experts.

Plaintiff contends that the experts he initially planned to use became unavailable. Plaintiff represents that one of his experts had a prearranged trip to India, which precluded him from acting as the medical expert in this case. Another of Plaintiff's planned experts, who, according to Plaintiff, Defendant knows from similar cases, was occupied with other litigation.

Federal Rule of Civil Procedure 16 provides that the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." [Fed. R. Civ. P. 16](). The Rule further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance . . . unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." [Id](). Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), referenced in Rule 16, authorizes the imposition of the following sanctions: (1) prohibiting the disobedient party from supporting or opposing designated claims or from introducing designated matters in evidence; (2) striking pleadings; (3) staying proceedings until the order is obeyed; (4) dismissing the action; (5) rendering default judgment against the disobedient party; or (6) treating as contempt of court the failure to obey the order. [Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)]().

Plaintiff admits that he missed the deadline for identifying expert witnesses. However, Plaintiff explained that his tardiness resulted from substitution of expert witnesses. The Court finds that Plaintiff's noncompliance was substantially justified. The Court further finds that an award of expenses would be unjust.

In this case, Plaintiff alleges that occupational exposures he allegedly suffered while employed by Defendant caused him to develop bladder and lung cancer. ([Filing No. 1]().) In cases of this nature, expert testimony is critical for proving a claim. Thus, if the Court grants the relief sought by Defendant, this case would likely not be decided on the merits, but rather would be subject to dismissal due to Plaintiff's lack of expert opinion. Moreover, Defendant has not incurred any real prejudice as a result of Plaintiff's untimeliness. Defendant contends that it was unable to select experts without knowing the identity of Plaintiff's experts. However, Plaintiff identified his expert witnesses in advance of his deadline for serving expert reports, as well as before

Defendant's deadline for identifying expert witnesses. Defendant was not required to serve expert reports until April 1, 2019 and therefore had ample time between Plaintiff's identification of expert witnesses to submit expert reports. Plus, Defendant ultimately decided to use individuals that it has relied upon in other litigation to serve as expert witnesses in this case.

For the reasons explained above, Plaintiff has shown good cause for modification of the progression order under Rule 16. Fed. R. Civ. P. 16 (stating that a progression order may be modified "only for good cause and with the judge's consent"). Therefore, the parties will be directed to submit a proposed case progression schedule to bazis@ned.uscourts.gov. by May 10, 2019.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Prohibit Plaintiff from Listing Expert Witnesses (Filing No. 27) is denied.

2. Plaintiff's Motion for an Enlargement of Time (Filing No. 33) is granted.

3. The parties shall confer and submit a joint proposed case progression schedule to bazis@ned.uscourts.gov. by May 10, 2019.

Dated this 3rd day of May, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge