IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE McLAUGHLIN,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br>*formerly known as* Burlington<br>Northern & Santa Fe Railway Co.<br><br>Defendant. | 4:18-CV-3047<br><br>MEMORANDUM AND ORDER |

Bruce McLaughlin is suing his former employer, BNSF Railway Co., under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, alleging that his workplace exposure to hazardous materials caused his bladder and lung cancers. But McLaughlin was diagnosed with bladder cancer on March 2, 2015—more than 3 years before he sued. The issue presented by BNSF's motion for partial summary judgment (filing 35) is whether McLaughlin's claim as to his bladder cancer is time barred by FELA's 3-year statute of limitations. *See* § 56.

I. BACKGROUND

McLaughlin worked for BNSF in Lincoln, Nebraska for 39 years, starting in 1976. Filing 37-1 at 4, 15. He started as a helper, but was quickly upgraded to a carman and held that position until he retired in March of 2015. Filing 37-1 at 24-25, 15. McLaughlin worked about eight years in the Havelock Shops and the remainder of his time at Hobson Yard. Filing 37-1 at 23, 26. During that time he was exposed to various hazardous materials, including dust, welding fumes, diesel fuel, diesel exhaust, and insecticide. *See* filing 37-1 at 23,

37-38; *see also* filing 1 at 2. McLaughlin also smoked a pack-and-a-half of cigarettes a day for over 30 years until he quit in 2012. Filing 37-1 at 9-10.

As will be explained further below, the real question is when McLaughlin knew, or should have known, that his bladder cancer could be attributed to his work for BNSF. McLaughlin sought treatment in February 2015 and had surgery which diagnosed the bladder cancer on March 2, 2015. Filing 37-1 at 7-8; filing 37-3 at 1. McLaughlin discussed the cancer diagnosis with his physician at a follow-up visit on March 6, 2015. Filing 37-4 at 1; *see* filing 36 at 4; filing 42 at 3. So, McLaughlin knew no later than March 6, 2015 about his bladder cancer.

McLaughlin also knew on March 6, 2015 that he had been exposed to a variety of hazardous materials while working for BNSF. He had received training and knew that diesel exhaust, solvents and asbestos were potential health risks. *See* filing 37-1 at 14-15. He also knew "maybe not all of it was hazardous. . . . I do have a pretty good idea that there's some things in that environment that wasn't probably good for me." Filing 37-1 at 37.

McLaughlin maintains, however, that until he saw a Facebook ad he had no idea that the hazardous materials he was exposed to at BNSF could cause bladder cancer. Filing 42 at 3; filing 37-1 at 17-18. After seeing the ad, McLaughlin said he now believes:

> [I]t was an accumulation of exposure to a lot of different toxins . . . that I worked around for all them years. . . . [F]rom locomotives and all the cars, the stuff they spray the yards for weeds, all the dust and dirt and coal and just the whole environment out there, I think contributed to this bladder cancer."

Filing 37-1 at 23 (cleaned up). McLaughlin said he never associated his bladder cancer with smoking. Filing 37-1 at 18.

It is unclear from the record when McLaughlin actually saw the ad, but suffice to say it was after March 28, 2015.[1] *See* filing 37-1 at 7-8. McLaughlin filed suit on March 27, 2018 alleging that his workplace exposure to "various toxic substances and carcinogens" caused or contributed to his bladder cancer. Filing 1 at 2. After limited discovery, *see* filing 12, BNSF filed this motion for partial summary judgment, filing 35, asserting that McLaughlin's claim as to his bladder cancer is time-barred.

## II. STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that

---

[1] As discussed in more detail below, if McLaughlin only knew or should have known about his claim after March 28, 2015, his claim would be timely under FELA's discovery rule.

there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## III. DISCUSSION

The only issue presented is whether McLaughlin's claim for relief is barred by § 56, which provides that "[n]o action shall be maintained under [FELA] unless commenced within three years from the day the cause of action accrued." But that statute incorporates a discovery rule: when an injury is not a single traumatic one with immediate symptoms, but rather a latent one with symptoms appearing over time, the cause of action does not accrue until the employee is aware or should be aware of his condition. *White v. Union Pac. R.R.*, 867 F.3d 997, 1001 (8th Cir. 2017). And in addition to knowing of his condition, the employee must know—or have reason to know—the condition's cause. *Id.* Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause. *Id.* (citing *Fries v. Chi. & Nw. Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990)).[2]

---

[2] There is a split of authority regarding the burden of proof in a FELA case when a defendant moves for summary judgment based on the statute of limitations. *Compare Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 590-91 (6th Cir. 2001) (defendant has burden of proof on all

McLaughlin correctly states that under FELA's discovery rule BNSF has the burden of showing that he "knew or should have known, prior to March 28, 2015, that he suffered from a work-related illness." Filing 42 at 7; *White,* 867 F.3d at 1003. However, McLaughlin incorrectly asserts that a genuine question of material fact exists as to whether he knew or should have known the cause of his bladder cancer prior to seeing the Facebook ad. *See* filing 42 at 7-8.

BNSF need only show that McLaughlin knew or should have known "the essential facts" of injury and cause, because *White*, and the authorities upon which it relies, make clear that McLaughlin had an affirmative duty to reasonably inquire as to the cause of his cancer. *White,* 867 F.3d at 1001; *see also Tolston v. Nat'l R.R. Passenger Corp.,* 102 F.3d 863, 865-66 (7th Cir. 1996) ("Just to be clear, the [*Fries*] court added [that] this rule imposes on plaintiffs the affirmative duty to investigate the cause of a known injury"); *Fries,* 909 F.2d at 1095. To apply another rule would thwart the purposes of repose statutes which are designed to apportion the consequences of time between plaintiff and defendant and to preclude litigation of stale claims. *Fries,* 909 F.2d at 1095. And the suggestion, made by McLaughlin, that only actual

---

affirmative defenses such as statute of limitations); *with Johnson v. Norfolk & W. Ry. Co.,* 985 F.2d 553 (4th Cir. 1993), *and Bealer v. Missouri Pac. R. Co.,* 951 F.2d 38, 39 (5th Cir. 1991) (because timeliness is essential element of plaintiff's claim, plaintiff bears burden of showing genuine factual dispute). For purposes of this motion, however, the Court assigns that burden to BNSF, because the discovery rule in FELA cases is a doctrine of accrual, not a tolling doctrine asserted in response to a statute of limitations defense. *See Pharmacia Corp. Supplemental Pension Plan v. Weldon,* 126 F. Supp. 3d 1061, 1074-75 (E.D. Mo. 2015); *cf. Schmidt v. United States,* 933 F.2d 639, 640 (8th Cir. 1991). Nonetheless, the issue of whether a suit is time-barred is a question of law, which properly may be resolved at the summary judgment stage if there are no genuine issues of material fact in dispute. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 835 (8th Cir. 2003); *Hallgren v. U.S. Dep't of Energy,* 331 F.3d 588, 589 (8th Cir. 2003).

knowledge is enough to make a claim accrue under FELA has been repeatedly rejected. *See White,* 867 F.3d at 1002-03; *Tolston,* 102 F.3d at 866.

Here, McLaughlin knew he had bladder cancer no later than the March 6, 2015 office visit where he discussed his diagnosis and follow-up treatment plan. Filing 37-4 at 1; *see also* filing 37-1 at 7-8. McLaughlin also knew, for decades prior to his diagnosis, that he had been exposed to hazardous materials at work. Filing 37-1 at 15. Those are the essential facts. *See White,* 867 F.3d at 1002; *Tolston,* 102 F.3d at 866; *Fries,* 909 F.2d at 1095. McLaughlin then had three years to investigate the causal connection between those facts, and in fact had a duty to do so or risk losing his ability to sue. *See* § 56; *White,* 867 F.3d at 1002. If McLaughlin's claims are fairly attributable to a workplace injury today, unfortunately, they were no less so on March 6, 2015. Because his claim accrued no later than then, and he didn't file suit within 3 years, his claim is time-barred.

IT IS ORDERED:

1. BNSF's motion for partial summary judgment (filing 35) is granted.

2. McLaughlin's FELA claim as to his bladder cancer is dismissed.

Dated this 1st day of October, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge